UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LEON BULLOCKS, JR., | Case No. 2: 14-cv-01950-RCJ-PAL |
| Plaintiff, | REPORT OF FINDINGS AND RECOMMENDATION |
| v. | |
| DANIEL BROOKS, et al., | (IFP App – Dkt. #1) |
| Defendants. | |

Plaintiff Leon Bullocks, Jr., is proceeding in this action pro se. He has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis, and he submitted a complaint. This matter was referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rules IB 1-3 and 1-4.

**I.     In Forma Pauperis Application (Dkt. #1).**

Plaintiff has submitted the affidavit required by § 1915(a) showing that he is unable to prepay fees and costs or give security for them. Accordingly, his request to proceed in forma pauperis will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's complaint.

**II.    Screening the Complaint**

Upon granting a request to proceed in forma pauperis, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from

///

1

1   the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v.*
2   *United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

3   Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a
4   complaint for failure to state a claim upon which relief can be granted. Review under Rule
5   12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of*
6   *America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide "a short
7   and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.
8   8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not
9   require detailed factual allegations, it demands "more than labels and conclusions" or a
10  "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678
11  (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all
12  well-pled factual allegations contained in the complaint, but the same requirement does not apply
13  to legal conclusions. *Id.* Mere recitals of the elements of a cause of action, supported only by
14  conclusory allegations, do not suffice. *Id.* at 679-80. Secondly, where the claims in the
15  complaint have not crossed the line from plausible to conceivable, the complaint should be
16  dismissed. *Twombly,* 550 U.S. at 570.

17  The complaint was filed on the court's form civil rights complaint pursuant to 42 U.S.C.
18  § 1983. To state a claim under section 1983, a plaintiff must allege that a right secured by the
19  Constitution has been violated, and the deprivation was committed by a person acting under
20  color of state law. *See West v. Atkins*, 487 U.S. 42 (1988) (citation omitted). States and state
21  officers sued in their official capacity are not "persons" for the purposes of a section 1983 action,
22  and generally, they may not be sued under the statute. *Will v. Mich. Dept. of State Police*, 491
23  U.S. 58, 71 (1989). Section 1983 does allow suits against state officers in their individual
24  capacities. *Hafer v. Melo*, 502 U.S. 21, 26 (1991).

25  Plaintiff's complaint alleges that on November 23, 2012, Defendant Daniel Brooks, a
26  North Las Vegas Police officer arrested him for having an open container of alcohol in public
27  and for being a convicted felon who had failed to update his address. Plaintiff contends the
28  arrest was racially-motivated because Plaintiff is African-American. Plaintiff alleges in making

1  the arrest, Defendant violated his Fifth and Fourteenth Amendment rights because the
2  registration statute only applies to people who have three felony convictions or more, and
3  Plaintiff only has one felony conviction from the state of Arizona. As a result of the arrest,
4  Plaintiff spent seven days in jail before going to "video court inside of jail where[, Plaintiff]
5  could not clearly see or hear the judge and pleaded guilty of all charges." He alleges he was not
6  appointed a public defender, and no probable cause hearing occurred.

7  Plaintiff's complaint names the City of North Las Vegas as a Defendant and also names
8  Defendant Brooks in both his individual and official capacities. State officers sued in their
9  official capacity are not "persons" for the purposes of a section 1983 action, and generally, they
10 may not be sued under the statute. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989);
11 *Aguou v. Commonwealth Ports Auth.,* 316 F.3d 899, 901 (9th Cir. 2003). Official capacity
12 claims are simply an alternative way of pleading a claim against the entity for which the
13 defendant is an officer. *See Hafer v. Melo,* 502 U.S. 21, 25 (1991); *Holley v. Cal. Dep't of Corr.*,
14 599 F.3d 1108, 1111 (9th Cir. 2010). In order to state an official capacity claim or a claim
15 against a local government, such as a municipality, a plaintiff must allege there is "a policy
16 statement, ordinance, regulation, or decision officially adopted and promulgated by that body's
17 officers" or some "governmental custom" even if such a custom has not received formal
18 approval through the body's official decision-making channels. *See Monell v. Dept. of Soc. Serv.*
19 *of City of N.Y.*, 436 U.S. 658, 690-91 (1978). Municipal officers may be sued in their official
20 capacities, but the plaintiff must prove that any constitutional violations occurred as a result of an
21 official policy or custom or through a failure to train municipal employees adequately. *Id.* at
22 690; *City of Canton v. Harris*, 489 U.S. 378, 388-91 (1989). Here, Plaintiff has not alleged that
23 any particular statement, ordinance, regulation, decision or custom exists that violates his
24 constitutional rights or that Defendant Brooks' conduct was the result of a failure to train, and he
25 has not stated an official capacity claim against Defendant Brooks or a *Monell* claim against the
26 City of North Las Vegas.

27 More importantly, however, Plaintiff's claims are barred by the Supreme Court's
28 decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). Accepting Plaintiff's allegations as true, as

3

the court must, success in this action would necessarily imply that Plaintiff's judgment of conviction for the open container and failure to register charges are invalid, either because he was denied due process, denied court-appointed counsel, or because Defendant did not have probable cause to lawfully arrest Plaintiff. "[T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995). *Heck* is grounded in the "strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction." *Id.* at 484. Before Plaintiff can pursue these claims in a civil rights action, his judgment of conviction must be invalidated. Plaintiff has not stated a claim upon which relief can be granted.

Leave to amend will not be granted because Plaintiff's claims cannot be cured by the allegation of additional facts. *See Lopez v. Smith,* 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc) (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) (leave to amend should be granted unless amendment would be futile)).

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Application to Proceed in Forma Pauperis (Dkt. #1) is GRANTED. Plaintiff shall not be required to pay the filing fee of four hundred dollars.

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at government expense.

3. The Clerk of Court shall file the complaint.

/ / /

**IT IS RECOMMENDED** that Plaintiff's complaint be DISMISSED for failure to state a claim upon which relief can be granted.

Dated this 4th day of February, 2015.

                                        _____
                                        PEGGY A. LEEN
                                        UNITED STATES MAGISTRATE JUDGE

## NOTICE

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court. Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within fourteen days of the date of service of the findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order. *See Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.